ELECTRONICALLY FILED
10/2/2017 3:15 PM
03-CV-2017-901541.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK



## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VALENCIA LEONARD, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> EMBASSY SUITES MANAGEMENT, ) <br> LLC, BRENDAN ENGLAND, and ) <br> Fictitious Defendants "A," "B," and "C," ) <br> whether singular or plural, those other ) <br> persons, corporations, firms or other ) <br> entities whose wrongful conduct caused or) <br> contributed to cause injuries and ) <br> damages to Plaintiff, all of whose true and) <br> correct names are unknown to Plaintiff at ) <br> this time, but will be added by ) <br> amendment when ascertained, ) <br> ) <br> ) <br> **Defendants.** ) | Civil Action No.:_____ |

## COMPLAINT

### STATEMENT OF JURISDICTION

Plaintiff, Valencia Leonard, by and through the undersigned attorney, allege upon information and belief as to all other matters, that the cause of action is based on premises liability within the limits of Montgomery County, Alabama.

### STATEMENT OF PARTIES

1. Plaintiff Valencia Leonard is over the age of majority and is a resident citizen of Montgomery County, Alabama.

2. Defendant, Embassy Suites Management, LLC (hereinafter "Embassy Suites") is a corporation organized under the laws of the State of California, and doing business in the

1

      State of Alabama, at 300 Tallapoosa Street, Montgomery, AL 36104. Embassy Suites' registered agent is Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

3. Upon best knowledge and belief, Defendant Brendan England (hereinafter "England" or "Defendant") is over the age of majority and is a resident citizen of Montgomery County, Alabama.

4. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

5. Unless otherwise specified, the term "Defendants" as used hereafter shall collectively refer to Embassy Suites, England, and Fictitious Defendants "A-C."

## COUNT I – NEGLIGENCE AND WANTONNESS

6. On or about November 7, 2015, Plaintiff, Valencia Leonard was an invitee of Defendant Embassy Suites, a hotel and conference center, located at 300 Tallapoosa Street, Montgomery, AL 36104.

7. On said date and time, Defendant Embassy Suites and Defendant England negligently and/or wantonly caused or allowed a dangerous condition to exist and failed to warn Plaintiff that the dangerous condition existed and had existed for some time, i.e. an improperly maintained portion of the sidewalk. As a result of Defendants' negligence and/or wantonness in allowing the dangerous condition to exist, Plaintiff was caused to trip and fall down and sustain injuries.

8. Defendants had actual or constructive notice that the dangerous condition existed and failed to remedy and/or make safe the same resulting in Plaintiff's injuries. Further, Plaintiff was not aware of the dangerous condition and was not warned of said dangerous condition by Defendants.

9. More specifically, Defendants breached their lawful duty owed to Plaintiff, as an invitee, in failing to exercise reasonable care and maintenance of the area, which resulted in the aforesaid injury to the Plaintiff. In addition, Defendants failed to remedy the dangerous condition, which existed on the premises by allowing no markings in the area where an invitee would walk and without giving Plaintiff warning of danger.

10. As a proximate consequence of Defendants' negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: leg and foot injuries; lameness and soreness; medical expenses; mental anguish and emotional distress; and permanent injuries and damages.

**WHEREFORE**, as a direct and proximate result of such negligent, grossly negligent, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendant Embassy Suites, Defendant England, and all fictitious party Defendants, plus costs and other relief to which Plaintiff is entitled by law.

### COUNT II – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

11. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

12. Defendant Embassy Suites was the employer of Defendant Brendan England and other individuals at the premises. Defendant England was the manager over said individuals.

13. Defendant Embassy Suites and Defendant England owed a duty to Plaintiff to use reasonable care in the hiring, training, and supervision of their staff.

14. Upon information and belief, Defendant Embassy Suites and Defendant England failed to use reasonable care in hiring, training, and supervising their employees.

15. More specifically, Defendants breached their lawful duty owed to Plaintiff, as an invitee, in failing to exercise reasonable care in the selection and hiring of the employees on the premises. Defendants also failed to use reasonable care in training and supervising their employees who were responsible for maintaining the sidewalk.

16. As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered injuries, including but not limited to: leg and foot injuries; lameness and soreness; medical expenses; mental anguish and emotional distress; and permanent injuries and damages.

**WHEREFORE**, as a direct and proximate result of such negligent, grossly negligent, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendant Embassy Suites, Defendant England, and all fictitious party Defendants, plus costs and other relief to which Plaintiff is entitled by law.

### COUNT III – FICTITIOUS DEFENDANTS

17. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

18. Fictitious Defendants "A," "B," and "C," are also liable under the foregoing counts and theories.

19. As a proximate consequence of the negligence, Plaintiff was injured and damaged as alleged in the foregoing paragraphs.

WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendant Embassy Suites, Defendant England, and all fictitious party Defendants, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully Submitted,

/s/ Charles James, II
**CHARLES JAMES, II (JAM028)**
**One of the Attorneys for Plaintiff**

/s/ Haley B. Steelman
**HALEY B. STEELMAN (STE235)**
**One of the Attorneys for Plaintiff**

OF COUNSEL:
SERIOUS INJURY LAW GROUP, P.C.
418 Scott Street
Post Office Box 781
Montgomery, AL 36101
Tel.: (334) 832-1001
Fax: (334) 832-1002
chuck@seriouslawyers.com

**Defendants may be served at:**

Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Brendan England
300 Tallapoosa Street
Montgomery, Alabama 36104